USDC SCAN INDEX SHEET

















```
JPP    5/3/06    16:41
3:06-CV-00978   DAWSON V. ENGINEERING FITNESS
*1*
*CMP.*
```

MARC E. HANKIN (SBN: 170505)
HANKIN PATENT LAW,
A Professional Corporation
9034 Sunset Boulevard, Suite 200
West Hollywood, CA 90069
Telephone No.: (310) 275-6946
Facsimile No.: (310) 274-8643
Cell Phone No.: (310) 892-1613
Email: Marc@HankinPatentLaw.com

Attorney for Plaintiffs,
JAMES DAWSON and CURT MORGAN

FILED
2006 MAY -2 PM 2: 21

CLERK [illegible]
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

JAMES DAWSON, an individual; and CURT MORGAN, an individual

   Plaintiffs,

vs.

ENGINEERING FITNESS INTERNATIONAL CORP., a California Corporation; TOM CAMPANARO, an individual; JOY CAMPANARO, an individual; QVC, INC., a Delaware Corporation; FITNESS QUEST, INC., a Delaware Corporation; and DOES 1-10.

   Defendants.

CASE

'06 CV 0978   JAH CAB

VIA FAX

VERIFIED COMPLAINT FOR PATENT INFRINGEMENT

DEMAND FOR JURY TRIAL

Plaintiffs, complaining of Defendants, through their undersigned counsel, hereby allege upon information and belief as follows:

## THE PARTIES

1.   Plaintiff JAMES DAWSON ("DAWSON") is an individual residing in Orange County, California. DAWSON is a former collegiate football player, trainer, and coach and has extensive experience in the health and fitness industry including business development, sales, marketing, and equipment design and manufacture.

2.   Plaintiff CURT MORGAN ("MORGAN") is an individual residing in Orange

1
VERIFIED COMPLAINT FOR PATENT INFRINGEMENT

County, California. MORGAN has extensive experience in the medical device and health and fitness industries including business development, management, engineering, sales, marketing, and equipment design and development.

3. Defendant ENGINEERING FITNESS INTERNATIONAL CORP. is a Corporation organized and existing under the laws of the State of California, whose principal office and place of business is 7755 Arjons Drive, San Diego, California, 92126. Defendant ENGINEERING FITNESS INTERNATIONAL ("EFI") is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this court.

4. Defendant TOM CAMPANARO is an individual doing business in this judicial district and is subject to the personal jurisdiction of this court. Defendant TOM CAMPANARO is the Company Founder and Chief Executive Officer of Defendant ENGINEERING FITNESS INTERNATIONAL CORP.

5. Defendant JOY CAMPANARO is an individual doing business in this judicial district and is subject to the personal jurisdiction of this court. Defendant JOY CAMPANARO is the wife of Defendant TOM CAMPANARO, and is the Executive Vice President of Marketing of Defendant ENGINEERING FITNESS INTERNATIONAL CORP.

6. Defendant QVC, INC. is a Corporation organized and existing under the laws of the State of Delaware, whose principal office and place of business is 1200 Wilson Drive at Studio Park, West Chester, Pennsylvania, 19380. Defendant QVC, INC. is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

7. Defendant FITNESS QUEST, INC. is a Corporation organized and existing under the laws of the State of Delaware, whose principal office and place of business is 1400 Raff Road, SW, Canton, OH 44750. Defendant FITNESS QUEST, INC. is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

8. Upon information and belief, defendants John Does 1-5 are individuals who are officers, managing members, or other managing agents of one or more of the defendant organizations and are conscious dominant and active forces behind the wrongful acts of the defendant organizations complained of herein, which wrongful acts they have engaged in for

1  the benefit of the defendant organizations and for their own individual gain and benefit.
2  Defendants John Does 1-5 are transacting and doing business in this judicial district subject to
3  the personal jurisdiction of this Court.

4      9.    Upon information and belief, defendants John Does 6-10 are other
5  manufacturing companies, retail sellers, distribution companies, advertising companies, and
6  related entities that provided services to the named DEFENDANTS and, accordingly, are liable
7  directly or indirectly for the harms alleged herein.

8
9                          **JURISDICTION AND VENUE**

10     1.    Subject Matter Jurisdiction of this Court is based on the laws of the United
11 States concerning actions relating to patents (*Title 35 U.S.C. §§ 1 et seq.*). This Court has
12 Subject Matter Jurisdiction over these claims pursuant to *28 U.S.C. §§ 1331 and 1338(a)*.

13     2.    Supplemental jurisdiction of any additional claims is based on *28 U.S.C. § 1367*,
14 because such claims are so related to the Federal claims that they form part of the same case or
15 controversy and derive from a common nucleus of operative facts. The Court also has
16 jurisdiction over all claims herein of unfair competition pursuant to *28 U.S.C. § 1338(b)*.

17     3.    Venue for this action is proper in this district, pursuant to *28 U.S.C. §§ 1391 and*
18 *1400* in that DEFENDANTS are doing business in this District.

19
20                         **FACTS COMMON TO ALL CLAIMS**

21     4.    Plaintiffs DAWSON and MORGAN ("PLAINTIFFS") are California residents
22 and have been actively engaged in many areas of the health and fitness industry, including
23 fitness and sports training and product and business development, for over twenty years. Both
24 PLAINTIFFS have been responsible for the creation and introduction of innovative devices to
25 the health and fitness industry.

26     5.    On September 7, 2004, United States Patent No. 6,786,847 entitled "Automated
27 Complete Exercise System" ("the '847 patent") was duly and legally issued to PLAINTIFFS
28 for the PLAINTIFFS' innovative, new exercise system. A true and correct copy of the '847

3<br/>**VERIFIED COMPLAINT FOR PATENT INFRINGEMENT**

1  patent is attached hereto as Exhibit A.

2      6.     The '847 patent discloses, generally speaking, an exercise/therapy apparatus that allows a user to change one or more workout parameters without dismounting from the apparatus and without interrupting the workout.

    7.     On information and belief, Defendants QVC, INC., ENGINEERING FITNESS INTERNATIONAL CORP., FITNESS QUEST, INC., ("DEFENDANTS") manufacture, sell, and/or offer for sale fitness equipment in the United States.

    8.     PLAINTIFFS are informed and believe and thereon allege that DEFENDANTS have been and are infringing, literally and/or under the doctrine of equivalents, one or more claims of the '847 patent pursuant to 35 U.S.C. § 271 (a), (b), (c), and/or (f). Specifically, DEFENDANTS manufacture and market fitness equipment that meets all of the limitations of the one or more of the claims in the '847 patent.

    9.     On information and belief, Defendant QVC markets and sells one or more such infringing products under the name "Total Gym Electra with Squat Stand and Remote Adjustability," which meets all of the limitations of one or more claims of the '847 patent. (See Exhibit B, attached). Defendant QVC may be marketing and selling further such infringing devices, about which PLAINTIFFS are not yet aware.

    10.     On information and belief, Defendant EFI markets and sells one or more infringing products under the name "Total Gym PowerTower," which meets all of the limitations of one or more claims of the '847 patent. (See Exhibit C, attached). Defendant EFI may be marketing and selling further such infringing devices, about which PLAINTIFFS are not yet aware.

    11.     On information and belief, Defendant FITNESS QUEST, INC. markets and sells one or more infringing products, which meets all of the limitations of one or more claims of the '847 patent.

    12.     While DEFENDANTS' respective infringing products resemble one another; each, for example, bearing the trademark "Total Gym," PLAINTIFFS are not yet aware of the precise nature of the business relationship between the DEFENDANTS and whether or not

4
VERIFIED COMPLAINT FOR PATENT INFRINGEMENT

1  their infringing activities were conducted in concert with one another.

2      13.    In 2005, PLAINTIFFS contacted DEFENDANT EFI regarding its infringement of the '847 patent. Despite good-faith attempts to negotiate the cessation of DEFENDANT EFI's infringement of the '847 patent, the parties could not reach an agreement.

    14.    Subsequently, PLAINTIFFS also contacted DEFENDANT QVC, INC., through QVC's counsel in order to negotiate the amicable cessation of QVC's infringement. These negotiations, however, were similarly unsuccessful.

## FIRST CLAIM FOR RELIEF

### (Patent Infringement 35 U.S.C. § 271 et seq.)

    15.    Plaintiffs incorporate by reference paragraphs 1 through 21 inclusive, as though fully set forth herein.

    16.    PLAINTIFFS are informed and believe and thereon allege that DEFENDANTS have been and are infringing, literally and/or under the doctrine of equivalents, one or more claims of the '847 patent directly and/or indirectly pursuant to 35 U.S.C. § 271(a), (b), (c) and/or (f).

    17.    By reason of DEFENDANTS' acts alleged herein, PLAINTIFFS have suffered, are suffering, and, unless such acts are enjoined by the Court, will continue to suffer injury to their business and property rights, for which they are entitled damages pursuant to 35 U.S.C. § 284 in an amount to be proved at trial.

    18.    By reason of DEFENDANTS' acts alleged herein, PLAINTIFFS have suffered, are suffering, and unless such acts are enjoined by the Court, will continue to suffer irreparable harm for which there is no adequate remedy at law, and for which PLAINTIFFS are entitled to permanent injunctive relief pursuant to 35 U.S.C. § 283.

    19.    DEFENDANTS' acts of infringement, as alleged herein, have been and continue to be willful, entitling the PLAINTIFFS to treble damages pursuant to 35 U.S.C. § 284, and qualifying this as an exceptional case pursuant to 35 U.S.C. § 285.

## SECOND CLAIM FOR RELIEF
(Common Law and State Unfair Competition)

20. Plaintiffs incorporate by reference paragraphs 1 through 26 inclusive, as though fully set forth herein.

21. DEFENDANTS' conduct as alleged above was done to unfairly compete with PLAINTIFFS by infringing PLAINTIFFS' Patent.

22. DEFENDANTS' conduct as alleged herein is in violation of common law and California statutes, namely *California Business and Professions Code § 14330, § 17200 et seq.* and *§ 17500 et seq.*, inter alia.

23. As a direct and proximate cause of DEFENDANTS' conduct as alleged herein, Plaintiff has suffered all the harm and injury as set forth in the preceding paragraphs and has sustained corresponding damages according to proof.

24. DEFENDANTS' conduct as alleged herein was willful and malicious with the intent to unfairly steal sales, customers, and marketing advantage from PLAINTIFFS, and so PLAINTIFFS are entitled to exemplary and punitive damages.

## THIRD CLAIM FOR RELIEF
(Unjust Enrichment)

25. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

26. Through the commercial exploitation of PLAINTIFFS' legal and duly issued United States Patent, DEFENDANTS have enjoyed increased revenue, publicity, and notoriety.

27. Moreover, through the threatened, continued commercial exploitation of the PLAINTIFFS' Patent, DEFENDANTS will likely enjoy further revenue, publicity, and notoriety, if their activities are not enjoined.

28. By reason of the DEFENDANTS' conduct, PLAINTIFFS have sustained and, if not enjoined, will continue to sustain substantial damages.

29. By reason of the DEFENDANTS' conduct, PLAINTIFFS have sustained and, if not enjoined, will continue to sustain irreparable harm for which no adequate remedy at law

6
VERIFIED COMPLAINT FOR PATENT INFRINGEMENT

1 | exists.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

1. For a judgment that DEFENDANTS have infringed, directly and/or indirectly the '847 patent;
2. For a preliminary and/or permanent injunction prohibiting DEFENDANTS, their officers, agents, servants, employees, and those in active concert or participation with them, from infringing directly and/or indirectly, the '847 patent, pursuant to *35 U.S.C. § 283*;
3. For payment of a reasonable royalty and for disgorgement of DEFENDANTS' profits;
4. For an award of treble damages pursuant to *35 U.S.C. § 284*;
5. For judgment and an order directing DEFENDANTS to pay PLAINTIFFS' reasonable attorneys' fees, expenses, and costs, due to this being an exceptional case within the meaning of *35 U.S.C. § 285*;
6. For an award of any and all other relief as this Honorable Court deems equitable, just, and proper.

Dated: MAY 2, 2006

Respectfully Submitted,

By: *Marc E. Hankin*

Marc E. Hankin, Esq.
HANKIN PATENT LAW,
A Professional Corporation
9034 Sunset Boulevard, Suite 200
West Hollywood, CA 90069
**Attorney for Plaintiffs**
**JAMES DAWSON and CURT MORGAN**

7
VERIFIED COMPLAINT FOR PATENT INFRINGEMENT

## DEMAND FOR JURY TRIAL

Trial by jury is demanded on all issues so triable.

Dated: MAY 2, 2006          Respectfully Submitted,

By: _Marc E. Hankin_

Marc E. Hankin, Esq.
HANKIN PATENT LAW,
A Professional Corporation
9034 Sunset Boulevard, Suite 200
West Hollywood, CA 90069
**Attorney for Plaintiffs**
**JAMES DAWSON and CURT MORGAN**

VERIFIED COMPLAINT FOR PATENT INFRINGEMENT

## VERIFICATION

I am one of the named Plaintiffs in the above-captioned action. I have read the foregoing Verified Complaint, and know the contents thereof. The same is true of my own personal knowledge, except for those matters which have been stated herein on information and belief, and as to those matters, I believe them to be true.

I declare under the penalties of perjury of the laws of the United States that the foregoing is true and correct. Executed on 4/26/06.

_____          _____
James Dawson                      Curt Morgan

VERIFIED COMPLAINT FOR PATENT INFRINGEMENT

## VERIFICATION

I am one of the named Plaintiffs in the above-captioned action. I have read the foregoing Verified Complaint, and know the contents thereof. The same is true of my own personal knowledge, except for those matters which have been stated herein on information and belief, and as to those matters, I believe them to be true.

I declare under the penalties of perjury of the laws of the United States that the foregoing is true and correct. Executed on __April 26, 2006__

_____          _____
James Dawson                             Curt Morgan

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Fed R. of Civ. Prod. § 7.1, the following persons and entities have a bona fide financial interest in this action:

1. James Dawson
2. Curt Morgan
3. Engineering Fitness International Corp.
4. QVC, Inc.
5. Fitness Quest, Inc.
6. Tom Campanaro
7. Joy Campanaro

Dated: MAY 2, 2006

Respectfully Submitted,

By: Marc E. Hankin

Marc E. Hankin, Esq.

HANKIN PATENT LAW,
A Professional Corporation
9034 Sunset Boulevard, Suite 200
West Hollywood, CA 90069
Attorney for Plaintiffs
**JAMES DAWSON and CURT MORGAN**

10
VERIFIED COMPLAINT FOR PATENT INFRINGEMENT

AO 120 (Rev.3/04)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court San Diego on the following Patents or Trademarks:

| DOCKET NO.<br>06CV0978-JAH(CAB) | DATE FILED<br>03/02/06 | U.S. DISTRICT COURT<br>United States District Court, Southern District of California |
|---|---|---|
| PLAINTIFF<br>James Dawson | | DEFENDANT<br>Engineering Fitness International Corp |

| | PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 6,786,847 | 09/07/04 | James Dawson, Curt Morgan |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above-entitled case, the following patent(s)/trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading |
|---|---|

| | PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1 - Upon initiation of action, mail this copy to Director   Copy 3 - Upon termination of action, mail this copy to Director
Copy 2 - Upon filing document adding patent(s), mail this copy to Director   Copy 4 - Case file copy

# CIVIL COVER SHEET

FILED

JS-44
(Rev. 07/89)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS** JAMES DAWSON and CURT MORGAN

**DEFENDANTS** ENGINEERING FITNESS INTERNATIONAL CORP., TOM CAMPANARO, JOY CAMPANARO, QVC, INC., and FITNESS QUEST, INC.

BY _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Orange, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** San Diego, CA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Marc E. Hankin
Hankin Patent Law, A Professional Corp.
9034 Sunset Blvd, Suite 200
West Hollywood, CA 90069

**ATTORNEYS (IF KNOWN)**

'06 CV 0978   JAH CAB

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [X] 2 Federal Question (U.S. Government Not a Party)
- [ ] 3 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

35 U.S.C. §271, et seq. - Patent Infringement

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

[Nature of suit table - illegible]

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

[X] 1 Original Proceeding   [ ] 2 Removal from State Court   [ ] 3 Remanded from Appellate Court   [ ] 4 Reinstated or Reopened   [ ] 5 Transferred from another district (specify)   [ ] 6 Multidistrict Litigation   [ ] 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____   Check YES only if demanded in complaint:
JURY DEMAND: [X] YES  [ ] NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____   Docket Number _____

DATE May 2, 2006   SIGNATURE OF ATTORNEY OF RECORD  Marc E. Hankin

#124900  $350  KB  5/2/06

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

**VIA FAX**